IN THE FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| DR. ERNEST CAMPONOVO | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| DR. MUNIR UWAYDAH and | : | |
| PROMETHEUS HEALTH IMAGING, INC. | : | No. 02-CV-3661 |
| Defendants | : | |
| | : | |

# **O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion for Judgment and all responses thereto, it is hereby **ORDERED AND DECREED** that the Motion is denied.

BY THE COURT:

_____

                                                                    J.

IN THE FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| DR. ERNEST CAMPONOVO | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| DR. MUNIR UWAYDAH and | : | |
| PROMETHEUS HEALTH IMAGING, INC. | : | No. 02-CV-3661 |
| Defendants | : | |
| | : | |

## DEFENDANT'S PROMETHEUS HEALTH IMAGING, INC.'S  (PROMETHEUS) RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT

1.      Admitted.

2.      Admitted.

3.      Denied.  Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

4.      Denied.  Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.  Plaintiff's Exhibit A speaks for itself.

5.      Denied.  Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph

of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

6.    Denied. Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

7.    Denied. Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

8.    Denied.  The averments raised in this paragraph of the Complaint represent conclusions of law to which no responsive pleading is required pursuant to the applicable Federal Rules of Civil Procedure.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted in part; denied in part.  It is admitted plaintiff requested to take the deposition of Dr. Uwaydah.  As to the averment Dr. Uwaydah was an officer and founder of Prometheus, answering defendant is without information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Denied as stated.  It is generally admitted that Dr. Uwaydah did not appear for his deposition scheduled for February 13, 2003.  Dr. Uwaydah had filed bankruptcy on January 31, 2003, thus, posing an automatic stay in this matter.  Consequently, Dr. Uwaydah did not have to appear for deposition on February 13, 2003.

24.    Denied.  The filing of Dr. Uwaydah's Bankruptcy Petition on or about January 31, 2003 imposed an automatic stay on these proceedings.  Consequently, there was no violation of a Court Order.

25.    Admitted.

26.    Admitted.

27.    Denied.  Dr. Uwaydah filed his Petition for Bankruptcy on January 31, 2003.

28.    Denied.  It is specifically denied these proceedings may proceed against Prometheus because the action is not stayed against this individual non-bankrupt defendant.

3

29.    Denied.  The filing of Dr. Uwaydah's Bankruptcy Petition imposed an automatic stay on all proceedings.

30.    Denied.  Defendant, Prometheus is not in violation of the Court's Order. Accordingly, plaintiff should not be granted judgment in its favor.

31.    Denied.  Defendant, Prometheus is not in violation of the Court's Order.  The remaining averments represent conclusions of law to which no responsive pleading is required pursuant to the applicable Federal Rules of Civil Procedure.

## NEW MATTER

32.    Counsel for defendants had previously filed a Petition to Withdraw as counsel for both Dr. Uwaydah and Prometheus Health Imaging, Inc.  Defendant's Petition was denied, without prejudice, given the bankruptcy filing of Dr. Uwaydah.  (A copy of the Court's Order is attached hereto as Exhibit A.)

33.    Since plaintiff has filed his Motion for Judgment, defense counsel has attempted to contact someone at Prometheus Health Imaging, Inc. in an effort to inquire into its relationship with Dr. Uwaydah.  Defense counsel has conducted Internet searches, Dun & Bradstreet search, and telephone inquiries in an effort to reach someone at the entity identified as Prometheus Health Imaging, Inc.  Defense counsel has been unable to contact anyone at Prometheus Health, Inc.  (A copy of the Dun & Bradstreet report dated March 19, 2003 is attached hereto.)

34.    Prometheus Health Imaging, Inc.'s last known address was 2697 Derbyshire, Cleveland Heights, OH 44106.  Prometheus is no longer at that address.  (See exhibit B.)

35.    In plaintiff's Memorandum of Law in support of its Motion for Judgment, he claims Dr. Uwaydah, was an officer and founder of Prometheus.  If that is so, and defense counsel makes

4

no admissions in that regard, then moving forward against Prometheus could violate the automatic stay imposed by Dr. Uwaydah's bankruptcy. Inasmuch as certain assets of Prometheus, should they exist, may be assets belonging to Dr. Uwaydah.

36.    The automatic stay provisions of the bankruptcy code are extremely broad and cover any type of formal or informal action against debtor or <u>property of his estate</u>. Bankr. Code, 11 U.S.C.A.§362(a).

37.    It may be necessary to inquire into Dr. Uwaydah's bankruptcy to determine the existence of any relationship between Dr. Uwaydah and Prometheus. Additionally, it is unclear if Prometheus even exists apart from Dr. Uwaydah.

WHEREFORE, defendant Prometheus Health Imaging, Inc. requests This Honorable Court deny plaintiff's Motion for Judgment.

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

BY:_____

Basil A. DiSipio, Esquire
Stephen E. Moore, Esquire
Dated: <u>March 27, 2003</u>                    Attorneys for Defendants,
Dr. Munir Uwaydah
and Prometheus Health Imaging, Inc.

5

IN THE FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| DR. ERNEST CAMPONOVO | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| DR. MUNIR UWAYDAH and | : | |
| PROMETHEUS HEALTH IMAGING, INC. | : | No. 02-CV-3661 |
| Defendants | : | |
| | : | |

## MEMORANDUM OF LAW

Beginning in May, 2002, Petitioner has provided representation for Dr. Uwaydah and Prometheus Health Imaging, Inc. in matters in the United States District Court for the Eastern District of Pennsylvania, as well as local state courts. In every case, including the instant matter, Dr. Uwaydah and/or Prometheus has failed to pay legal fees and costs despite several requests to do so.

In the instant matter, Petitioner entered its appearance and answered the Complaint on behalf of Dr. Uwaydah and Prometheus on or about July 9, 2002. Despite repeated requests for Dr. Uwaydah to come to Philadelphia for the purposes of responding to outstanding written discovery, reviewing documents, and otherwise preparing for his defense, Dr. Uwaydah, a resident of the State of California, has not complied defense counsel's requests.

On January 23, 2003, the Court entered an Order compelling Dr. Uwaydah to respond to overdue Interrogatories and Request for Production of Documents within ten (10) days and make himself available for deposition within twenty (20) days of the entry of the Order. On January 28, 2003, after the Order was faxed to defense counsel, it was promptly faxed to Dr. Uwaydah in California. On the same date, Dr. Uwaydah was contacted on his cell phone and advised of the importance of the entry of the Order. Dr. Uwaydah never contacted defense counsel to discuss the

Order.  Dr. Uwaydah's failure to cooperate in the preparation of his defense has greatly hampered defense counsel's efforts to effectively defend this matter.

On February 3, 2003, defense counsel received in the mail a letter it has previously forwarded to Dr. Uwaydah on January 22, 2003.  The letter was marked "return to sender - moved left no forwarding address."  Petitioner is unaware of Dr. Uwaydah's current address.

Since plaintiff has filed his Motion for Judgment, defense counsel has made repeated attempts to contact someone at Prometheus.  A Dun and Bradstreet was conducted with an eye towards identifying some officer with the authority and/or knowledge of plaintiff's averments.  The report reveals that Prometheus is no longer located at their Cleveland Heights address.  Plaintiff has asserted Dr. Uwaydah is the founder and President of Prometheus.  If this is so, then assets of Prometheus, assuming it has assets, may be assets of Dr. Uwaydah.  It is unclear of the relationship between Dr. Uwaydah and Prometheus given the lack of discovery which has taken place in this case and the lack of cooperation of Dr. Uwaydah.  Given the boundaries of the automatic stay provisions of 11 U.S.C.A. §362(a), a more measured approach to this case should be "wait and see" what happens in the bankruptcy before proceeding against Prometheus.

In the event the Court should determine that this case is to proceed against Prometheus, then defense counsel would request reconsideration of its Petition to Withdraw for the reasons set forth in that Petition.

2

WHEREFORE, defendant respectfully requests plaintiff's Motion be denied.


LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY


BY:_____
        Basil A. DiSipio, Esquire
        Stephen E. Moore, Esquire
Dated:  March 27, 2003        Attorneys for Defendants,
        Dr. Munir Uwaydah
        and Prometheus Health Imaging, Inc.


3

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the within ***Defendant's Prometheus Health Imaging, Inc.'s Response to Plaintiff's Motion for Judgment*** was sent on the date below to counsel of record as follows:

Michael D. Shaffer, Esquire
325 Chestnut Street, Suite 1212
Philadelphia, PA 19106
***via regular U.S. Mail***

Dr. Munir Uwaydah
Prometheus Health Imaging, Inc.
2800 Nielson Way - Unit 1116
Santa Monica, CA 90405
***certified mail, return receipt requested
and regular U.S. Mail***

Prometheus Health Imaging, Inc.
2697 Derbyshire
Cleveland Heights, OH 44106
***certified mail, return receipt requested
and regular U.S. Mail***

Joseph Saponaro, Esquire
Weston Hurd Fallon Paisley
& Howley, L.L.P.
2500 Terminal Tower
50 Public Square
Cleveland, OH 44113-2241
***via regular U.S. Mail***

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

By:_____
      Stephen E. Moore, Esquire
      Attorney for Defendants,
      Dr. Munir Uwaydah
      and Prometheus Health Imaging, Inc.

Dated: <u>March 27, 2003</u>

680478