UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. ERNEST CAMPONOVO<br>Plaintiff,<br><br>v.<br><br>DR. MUNIR UWAYDAH and<br>PROMETHEUS HEALTH IMAGING, INC.<br>Defendants | : | CIVIL ACTION NO. 02-CV-3661 |

**ORDER**

AND NOW, this ________ day of ____________, 2004, upon consideration of Defendant Prometheus Health Imaging, Inc.'s motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and the response thereto, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that the judgment entered against Prometheus Health Imaging, Inc. is VACATED and that this case shall be restored to active status for discovery and trial.

BY THE COURT:

______________________ J.

F:\WPCNET\DOCS\31742\001\pleadings\motion

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. ERNEST CAMPONOVO :
Plaintiff, :
: CIVIL ACTION NO. 02-CV-3661
v. :
:
DR. MUNIR UWAYDAH and :
PROMETHEUS HEALTH IMAGING, INC. :
Defendants :

**DEFENDANT PROMETHEUS HEALTH IMAGING, INC.'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Prometheus Health Imaging, Inc. ("Prometheus"), by its undersigned counsel, respectfully moves this Court for an Order granting it relief from judgment pursuant to Rule 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.

In support of this motion, Prometheus incorporates by reference the annexed Memorandum of Law and Affidavits of Dr. Munir Uwaydah and Marisa Schermbeck.

Respectfully submitted,

SILVERMAN BERNHEIM & VOGEL

BY: [signature]

DANIEL S. BERNHEIM, 3d, ESQUIRE
JONATHAN J. BART, ESQUIRE
Attorneys for Defendants,
Dr. Munir Uwaydah and
Prometheus Health Imaging, Inc.

Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
215-569-0000

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. ERNEST CAMPONOVO :
Plaintiff, :
: CIVIL ACTION NO. 02-CV-3661
v. :
:
DR. MUNIR UWAYDAH and :
PROMETHEUS HEALTH IMAGING, INC. :
Defendants :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PROMETHEUS HEALTH IMAGING, INC.'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)(1) AND 60(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Prometheus Health Imaging, Inc. ("Prometheus"), by its undersigned counsel, respectfully submits this Memorandum of Law in supports of its Motion for Relief From Judgment Pursuant to Rule 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.

## I. PRELIMINARY STATEMENT

This is a case in which a judgment of just under $1.8 million dollars was entered against Prometheus on or about July 18, 2003 as a discovery sanction. There was no evidentiary presentation in which plaintiff's allegations of liability and damages for breach of contract were tested and required to be supported by competent evidence as would have been the case even under the procedure for an uncontested summary judgment motion. Indeed, plaintiff's motion for judgment (Exhibit "A" hereto) contains only a scant paragraph (at p. 9) concerning the merits of his claim.

There was no evidence presented that plaintiff had satisfied the condition

precedent of leaving his existing employment with Quantum or that he performed his obligations under the alleged employment contract dated November 10, 2001. There was no evidence presented concerning the value of his shares in Prometheus for which he sought $342,000. Rather, judgment was entered simply on the basis that plaintiff alleged in a discovery sanction motion (against a party which reasonably believed that the action was stayed) that he had a two year employment contract providing for compensation of $1.1 million dollars and that he invested $342,000 in Prometheus. See, Exhibit "A" at p. 9.

Moreover, even on the face of Plaintiff's motion, the amount of damages awarded was incorrect. The May 9, 2001 letter agreement (Exhibit "H" to motion) was specifically incorporated in the November 10, 2001 employment agreement that is the basis of this lawsuit. See, Exhibit "J" to motion ("this agreement supersedes and annuls all prior agreements, **except** the May 9, 2001 consulting agreement"). That May 9 letter agreement provided that Prometheus would make loans to the plaintiff secured by his equity in Prometheus. Plaintiff's motion said nothing about these loans or others which were advanced to him nor the qualifying requirement under the contract between Prometheus and the plaintiff that plaintiff spend at least 80% of his time as a full-time employee of Prometheus.

As it turns out, as discussed in the accompanying Affidavit of Munir Uwaydah, M.D. (Exhibit "B" hereto at ¶13.), plaintiff did **not** spend 80% of his time **at any time** on Prometheus matters - - rather, he never left his full-time job at Quantum, which he promised to be leaving in February 2001 as a condition of employment with Prometheus,

See, Exhibit "C" to plaintiff's motion. Thus, not only were damages, if any, fully mitigated (since plaintiff at all times had full-time employment) but an essential pre-condition of the contractual relationship was unfulfilled and therefore there is a complete defense to the contract action.[1]

Thus, the question becomes why was this default judgment entered and why has the defendant not moved more promptly for relief from the judgment. The first question is easily answered. As detailed in the Affidavit of Marisa Schermbeck (Exhibit "C" hereto), Prometheus simply never had any notice that a motion for judgment was pending or could have been pending. Marisa Schermbeck, who was the authorized representative of Prometheus, first received notice of the withdrawal of Prometheus' counsel and the date of a hearing on a default judgment by letter "dated" May 19, 2003, **but postmarked July 28, 2003 - - after judgment already had been entered.** See, Exhibits "A" and "B" to Schermbeck Affidavit. Moreover, Prometheus had been advised by prior counsel that the filing of Dr. Uwaydah's personal bankruptcy stayed the action in its totality - - which is precisely the position taken by Prometheus' former counsel in its response to the motion for sanctions and its motion to withdraw. See, Exhibits "C" and "D" hereto.

---

1

Indeed, even if plaintiff's motion were presented as one for summary judgment, such a motion cannot, consistent with due process, be granted by default. It is plainly inconsistent with Rule 56, which requires an examination of both the pleadings and evidence before judgment may be entered even without opposition. See, e.g., Kinder v. Carson, 127 F.R.D.543, 546 (S.D.Fla. 1989). ("[t]he granting of summary judgment by default is a disfavored sanction which, in this Court's view, is plainly inconsistent with Rule 56"). As indicated below, there were numerous less onerous sanctions available to the Court, such as the striking of defenses, which still would have required plaintiff to come forward with competent proof of his claims before judgment might have been entered. However, it is respectfully suggested that entry of judgment by default without a presentation of evidence in a matter in which an answer has been filed is inconsistent both with due process and the Rules of Civil Procedure.

Thus, neither Prometheus nor Dr. Uwaydah never had any thought after he filed his personal bankruptcy that the action might go forward against Prometheus alone. That is why defendants did not respond to the discovery. See, Prometheus' answer to sanctions motion (Exhibit "B" hereto) at ¶¶23-31. Secondly, Dr. Uwaydah specifically denies that prior counsel ever contacted him and Marisa Schermbeck specifically denies that prior counsel ever contacted Prometheus with an address of 613 Knob Hill Avenue, Redondo Beach, California. Indeed, only after judgment was entered, prior counsel sent a copy of the motion for judgment to Prometheus at the proper address (although incorrectly bearing Dr. Uwaydah's name in addition to Ms. Schermbeck's in a letter postmarked July 28, 2003 - - **after** the motion had been granted on July 18, 2003. See, Schermbeck Affidavit at ¶¶4-6. Thus, prior counsel knew at all times the address at which Prometheus could be contacted yet never provided any prior notice to the correct address either to Dr. Uwaydah or to Prometheus' contact, Marisa Schermbeck that it was necessary to answer the discovery or that judgment might be entered. The suggestion in the papers of prior defense counsel that they attempted to notify Dr. Uwaydah directly on his cell phone is specifically denied by Dr. Uwaydah - - he denies ever having received a phone call from prior counsel during the relevant time period nor any other notice of the impending motion for judgment. See, Uwaydah Affidavit at ¶4

It is conceded that Prometheus did indeed receive notice of the judgment after August, 2003. However, defendants had engaged in lengthy negotiations with the plaintiff relating to Dr. Uwaydah's personal bankruptcy. Plaintiff demanded that Dr. Uwaydah dismiss his bankruptcy in exchange for a stipulation vacating the judgment.

After substantial negotiation back and forth, the parties were unable to agree on such a stipulation. See, Uwaydah Affidavit at ¶9. Accordingly, Dr. Uwaydah should be free to move to vacate the instant default judgment. Plaintiff has suffered no prejudice as it was in contact with defendants in an effort to work out a resolution, which could not be agreed to by the parties. No evidence has been lost, no witnesses have disappeared. It is respectfully submitted that given (1) the absence of prejudice to plaintiff, (2) the absence of notice to Prometheus of the pending motion, especially in light of the advice it has received that the action could not go forward due to Dr. Uwaydah's personal bankruptcy, (3) the absence of procedural safeguards relating to the motion for sanctions, and (4) the fact that Prometheus has strong meritorious defenses, the instant judgment should be vacated pursuant to Rule 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARDS FOR THIS MOTION

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> **RULE 60. Relief from Judgment or Order**
> . . . (b) mistakes; inadvertent; excusable negligent; newly discovered evidence; fraud, etc. On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1). Mistake, inadvertence, surprise, or excusable neglect . . . (6). any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

A Rule 60(b) motion is committed to the sound discretion of the trial court. Baker v. John Morrell and Company, 266 F.Supp. 2d 909, 919 (N.D.Iowa 2003). Although

Rule 60(b) motions are disfavored, they "serve a useful, proper and necessary purpose in maintaining the integrity of the trial process . . ." Id. Rule 60(b) is to be given a liberal construction so as to do substantial justice and "to prevent the judgment from becoming a vehicle of injustice." United States v. Walus, 616 F.2d 283, 288 (7th Cir. 1980).

In particular, relief may be granted under Rule 60(b) for judgments entered as a discovery sanction. Amernational Industries, Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 976 (6th Cir. 1991); Kotlicki v. United States Fidelity & Guaranty Company, 817 F.2d 6, 9 (2nd Cir. 1987). Judgment by default is a drastic step which should be resorted to only in the most extreme cases. Amernational Industries, supra at 976. "In considering a motion to set aside entry of a judgment by default, a District Court must apply Rule 60(b) equitably and liberally to achieve substantial justice. Id., citing, United Coin Meter v. Seaboard Coastline RR, 705 F.2d 839, 844-45 (6th Cir. 1983); Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980).

First, it is a well-established principle that default judgments are disfavored and disputes should be decided on the merits. See, e.g., Pena v. Seguros La Commercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Thus, there is a more lenient standard for relief of default judgments entered as discovery sanctions. For example, in United Artists Corp. v. Freeman, relief was granted under Rule 60(b) from judgment entered as a discovery sanction because the refusal of the defendant to cooperate was due to confusion and ignorance. Also see, Kotlicki v. United States Fidelity & Guaranty Company, supra, 817 F.2d at 9 (relief granted because the policy favoring determination of a case on the merits overrides the policy of finality).

The standard for determining a Rule 60(b) motion to set aside entry of a judgment by default is controlled by three factors:

1.  Whether culpable conduct of the defendant led to the default. United Coin Meter, supra at 845, Farnese v. Bagnasco, 687 F.2d 761, 764 (3rd Cir. 1982).

2.  Whether the defendant has a meritorious defense; and

3.  Whether the plaintiff will be prejudiced;

As demonstrated below, plaintiff has suffered no prejudice as a result of the delay since he was engaged in negotiations with Prometheus and Dr. Uwaydah and indeed is seeking to pursue similar claims against Dr. Uwaydah in his bankruptcy by means of opposing Dr. Uwaydah's discharge. It is clear that any such claims should be decided on their merits. Secondly, it is further clear, as indicated in Dr. Uwaydah's Affidavit, Prometheus has a meritorious defense in that plaintiff never resigned from his prior position which was a pre-condition of his employment with Prometheus and he never spent 80% of his time (or anywhere near that amount) with Prometheus. Indeed, it is questionable whether plaintiff ever suffered any monetary damages since he had existent full-time employment. Third, the loans made by Prometheus to the plaintiff never have been repaid and the computation of damages should be adjusted (even if liability exists) to reflect amounts owed by the plaintiff to Prometheus. Finally, it is also clear that there was no culpable conduct by Prometheus, as it had no notice that a motion was pending for judgment and it had been advised that the bankruptcy of Dr. Uwaydah stayed the action as a whole. While that advice may have been incorrect, it is clear that Prometheus was never provided notice that it had to answer the discovery or of the pending motion.

Indeed, it first learned of the judgment **after judgment had been entered**. Accordingly, Prometheus did not engage in culpable conduct leading to the default.

As discussed in greater detail below, the motion to vacate the judgment should be granted.

## III. UNDER THE APPLICABLE RULE 60(B) STANDARDS, THE INSTANT JUDGMENT SHOULD BE VACATED

As noted above, a judgment by default, especially one entered as a discovery sanction, is subject to the most lenient and liberal standard upon a motion to vacate such a judgment so as to achieve substantial justice on the merits. Here, it is respectfully submitted that plaintiff's motion (Exhibit "A" hereto) would not nearly suffice as a basis for entry of judgment of $1.8 million if it were deemed to be an unopposed summary judgment motion in which it still is incumbent upon plaintiff to prove each element of its claim (including satisfaction of conditions precedent) and each element of damages. Here, judgment was entered simply on a conclusory statement on p. 9 of plaintiff's brief that he was owed $1.1 million dollars in salary and $342,000 as a "investment". What conceivable right plaintiff had to recover his "investment" is unstated, nor is there any evidence of record that plaintiff ever satisfied the conditions of his contract. There is no itemization of damages - - either in terms of a reconciliation of the loans given to him under the May 9 letter agreement or a set off of salary he received from Quantum. Accordingly, Prometheus shall analyze the three elements required for Rule 60(b) relief:

### A. Plaintiff Has Not Been Prejudiced.

As discussed previously, Prometheus concedes that there has been a passage of time since the entry of judgment was brought to its attention in August of 2003.

However, during that period of time, defendants were engaged in negotiations with the plaintiff seeking a consensual solution to the entry of judgment. After negotiations broke down, it took a period of time, (in light of Dr. Uwaydah's bankruptcy) to find the financial resources necessary to continue the litigation. See, Uwaydah Affidavit at ¶9.

Nonetheless, mere delay alone does not constitute prejudice warranting a denial of a motion to vacate a default. Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Brown v. Bandai America, Inc., 2002 W.L. 1285265 (N.D. Tex. 2002) (at *5), citing, Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990). Here, none of those factors are applicable. There should be no loss in terms of discovery nor would evidence be lost as a result of the delay. Accordingly, plaintiff has not been prejudiced as a result of any delay in moving to open the judgment.

**B. Prometheus has a Meritorious Defense.**

Secondly, it is clear that Prometheus has a meritorious defense. As indicated in the Uwaydah Affidavit, the contract between Prometheus and the plaintiff required plaintiff to devote substantially his full business time and attention (defined in May 9, 2001 consulting agreement incorporated in the contract as 80% of his time) to Prometheus. However, plaintiff never did spend any substantial time, at least any time comparable to full-time work with Prometheus and kept his existing full-time employment with Quantum. Thus, Prometheus refused to pay the initial payment owed to plaintiff had he made that full-time switch of job positions. The contract between the parties provided that:

> **This entire employment agreement becomes null and void if the first monthly payment does not occur within five days of the due date [November 30, 2001].**

As acknowledged both in the complaint and in the motion for judgment, this first monthly payment was not made. On the face of the contract therefore, the contract was null and void **and was not breached.** Thus, there are substantial issues of whether plaintiff ever satisfied the condition precedent for the contract to go into effect of leaving his prior employment with Quantum and becoming a full-time employee at Prometheus. Accordingly, the contract never went into effect - - which is evidenced by the nonoccurrence of the first payment. That rendered the contract pursuant to its own terms null and void rather than breached.

In addition, there were substantial loans made to plaintiff by Prometheus which were not paid. See Uwaydah Affidavit at ¶15. Thus, even if an enforceable contract existed, it would be subject to offsets for the amount loaned to plaintiff, not to mention earned by plaintiff in his position with Quantum subsequent to November of 2001. Accordingly, even if the contract were breached, damages are by no means the face value of the two years of wages. Finally, plaintiff has never indicated any basis why he is entitled to a "return" of the amount he allegedly invested in Prometheus. An investment is just that - - it is not a loan. Accordingly, there is no basis by which plaintiff should have recovered the $342,000 he admittedly made as an "investment."

Therefore, there are substantial issues as to the merits of the claim and a substantial defense exists on the merits.

### C. Prometheus Did Not Engage in "Culpable Conduct" Leading to the Default

Finally, the question of whether the **defendant**, i.e., Prometheus, committed "culpable conduct" which led to the default must clearly be decided in favor of defendant. As recited by Dr. Uwaydah and Ms. Schermbeck, they never had any notice of the pending motion for judgment and had been informed by counsel that the action was stayed based on Dr. Uwaydah's personal bankruptcy. Uwaydah Affidavit at ¶8, Schermbeck Affidavit, ¶¶3-6. While this advice might be incorrect (as it indeed was) there was at no time any notice received by him from prior counsel suggesting that the advice was incorrect or that there was a pending motion. The address at which prior counsel alleges it attempted to contact Dr. Uwaydah was not the address of Prometheus, but rather, the proper address was the Knob Hill address of Marissa Schermbeck, as evidenced by the mailing to that address of the motion **after** judgment already had been entered. Thus, defendant committed no culpable conduct which led to the default prior to its entry. Rather, there was a mis-communication which was no fault of Prometheus. When prior counsel needed to get a communication to Dr. Uwaydah it did so.[1] Unfortunately, that did not occur until August 2003 - - after entry of the judgment. The "culpability" factor has often been equated to "willfulness." Widmer-Baum v. Chandler-Halford, 162 F.R.D. 545,553 (N.D. Iowa 1995) (and cases cited therein). Thus, it is not deemed to be "culpable conduct," where, as here, a party acts "under good faith, albeit misguided . . .". O'Connor v. State of Nevada, 27 F. 3d 357, 364 (9th Cir. 1994). Here, Prometheus had been advised that the bankruptcy stayed all proceedings, including discovery. Thus, albeit the recipient of misguided advice, it did not engage in "culpable conduct."

1

There is no intention to cast aspirations upon prior counsel. However, the fact of the matter is that the record states prior counsel was unsuccessful in his attempts to reach Uwaydah by cell phone and not until after the entry of judgment were notifications mailed to Uwaydah or Prometheus. Thereafter, Uwaydah has attempted to resolve this claim, but without success.

Accordingly, the three standards applicable to motions for relief under Rule 60(b)(1) and (6) for discovery based default sanctions clearly are satisfied in the instant matter. There are substantial defenses and there has been no prejudice to the plaintiff. Accordingly, defendant respectfully requests that the default be vacated and that the matter be restored to the active trial calendar for discovery and trial.

## IV. CONCLUSION

For the reasons set forth herein and in the accompanying Affidavit of Dr. Uwaydah, it is respectfully requested that the motion for relief from judgment be granted.

Respectfully submitted,

SILVERMAN BERNHEIM & VOGEL

BY: ______________________

DANIEL S. BERNHEIM, 3d, ESQUIRE
JONATHAN J. BART, ESQUIRE
Attorneys for Defendants,
Dr. Munir Uwaydah and
Prometheus Health Imaging, Inc.

Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
215-569-0000

**CERTIFICATE OF SERVICE**

Daniel S. Bernheim, 3d, Esquire hereby certifies that a true and correct copy of Defendant Prometheus Health Imaging, Inc.'s Motion for Relief from judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure was served pursuant to the instructions received at the time of filing on July 19, 2004 to:

Michael D. Shaffer, Esquire
Shaffer & Gaier
One Penn Center
1617 JFK Boulevard
Suite 946
Philadelphia, PA 19103

SILVERMAN BERNHEIM & VOGEL

BY: ______________________
Daniel S. Bernheim, 3d, Esquire