IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. ERNEST CAMPONOVO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3661 |
| | : | |
| DR. MUNIR UWAYDAH and | : | |
| PROMETHEUS HEALTH IMAGING, INC. | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM

BUCKWALTER, J.                                                                                   August 17, 2004

Presently before the Court is Defendant Prometheus Health Imaging, Inc.'s ("Defendant") Motion for Relief from Judgment and Plaintiff Ernest Camponovo's ("Plaintiff") opposition thereto. For the reasons set forth below, Defendant's motion is denied.

### I. BACKGROUND

Plaintiff initiated this action by filing a complaint on June 7, 2002. Plaintiff alleged various causes of action that were related to the alleged breaches of an employment contract and investment contract between Plaintiff and Defendant. On July 26, 2002, this Court issued a Scheduling Order requiring discovery to be completed by December 31, 2002.

On October 25, 2002, Plaintiff served Defendant with interrogatories and requests for production of documents. Despite requests from Plaintiff, Defendant never responded to the discovery requests. Plaintiff also attempted numerous times to take the deposition of Munir

Uwaydah, an officer and the founder of Defendant.[1] After unsuccessful attempts to depose Uwaydah, Plaintiff filed a motion to compel. Subsequently, Defendant filed a motion to extend the discovery deadline. The Court granted the motion to extend the discovery deadline, setting March 1, 2003 as the new deadline. The Court also denied Plaintiff's motion to compel Uwaydah's deposition as moot.

After several more unsuccessful attempts to obtain written discovery responses and the deposition of Uwaydah, on January 6, 2003, Plaintiff again filed a motion to compel. On January 23, 2003, the Court granted Plaintiff's motion and ordered Defendant to produce responses to written discovery within ten days and to produce Uwaydah for deposition within twenty days. The Court specifically warned Defendant that it would risk sanctions if it failed to comply with the Order.

Plaintiff noticed Uwaydah's deposition for February 13, 2003. Uwaydah never appeared for the deposition, and Defendant never answered any of the written discovery requests. Subsequently, Plaintiff filed a Motion for Judgment, and on July 18, 2003, the Court granted judgment in Plaintiff's favor. One year later, on July 19, 2004, Defendant filed a motion, pursuant to Federal Rule of Civil Procedure 60(b)(1) & (b)(6), for relief from judgment, which is currently before the Court.

---

1. Uwaydah is also a defendant in this lawsuit. Uwaydah, however, filed for personal bankruptcy during the course of the case, so the case against Uwaydah was stayed. The judgment at issue in this motion is only against Defendant Prometheus.

**II. STANDARD**

The Rule governing relief from judgment states, in pertinent part, "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  A court may also grant relief from judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).  A Rule 60(b) motion is committed to the sound discretion of the trial court, but should only be granted under extraordinary circumstances where, without relief, an extreme and unexpected hardship would occur.  Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986).

**III. DISCUSSION**

In determining whether to grant relief from judgment, a court should examine the following four factors:  (1) whether plaintiff will be prejudiced if the judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default judgment was a product of defendant's culpable conduct; and (4) whether alternate sanctions would be effective. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).  After examining each of these factors, it is clear that Defendant's motion must be denied.

    **A.   Prejudice to Plaintiff**

Plaintiff would be prejudiced and would face a series of problems if the Court grants relief to Defendant.  Should the Court set aside this judgment, Plaintiff would be forced to litigate a case that he filed over two years ago.  Based on Defendant's own dilatory conduct, Plaintiff was unable to obtain any of the necessary evidence through discovery.  It is now likely

that evidence and witnesses can no longer be located, as Defendant is no longer in business in Pennsylvania. Defendant exacerbated this problem by waiting a full year to file this motion, making it even more likely that evidence and witnesses are lost. Accordingly, Plaintiff would face prejudice - caused by Defendant - in that he would not be able to obtain evidence and properly litigate his case.

Additionally, Plaintiff has taken several actions in reliance on the judgment. Specifically, Plaintiff has recorded the judgement, hired an attorney to assist with collecting the judgment and conducted collection discovery. Plaintiff has also filed and begun litigating a separate lawsuit against Defendant's officers and directors, attempting to collect a portion of the judgment under the Pennsylvania Wage Payment Collection Law. In relying upon the judgment, Plaintiff has spent significant amounts of time and money that would be wasted should the judgment be set aside. Again, Defendant exacerbated this problem by waiting a full year to file this motion, causing Plaintiff to spend even more time and money in attempting to collect the judgment.

  B. **Meritorious Defense**

Defendant has not presented any evidence to this Court that it has a meritorious defense in this case. In fact, in attempting to show a defense, Defendant blatantly misstates the employment contract. Defendant states that the contract required Plaintiff to "spend at least 80% of his time as a full-time employee of [Defendant] . . . [and] Plaintiff did not spend 80% of his time at any time on [Defendant] matters . . ." (Def.'s Br. - no page number given.) The employment contract, however, does not state this. Rather, the contract states, "clause 4 . . . will be applicable as long [as] eighty percent of your working time is spent in the furtherance of the

Company's interests." (Pl.'s Br. at Ex. H to Ex. A.) Clause 4 states, "the company intends to lease an executive car for the use of the Philadelphia Center, which you may use." (Id.)

Defendant has pointed to no contract language that required Plaintiff so spend at least 80% of his time working for Defendant in order to receive his compensation. Rather, the 80% clause clearly indicates that Plaintiff was entitled to additional benefits should he spend 80% or more of his time working for Defendant. The 80% clause was not a minimum requirement but, rather, was a goal that lead to additional perks. Furthermore, even if the 80% clause could be read as Defendant suggests, Defendant has submitted no evidence to the Court that proves Plaintiff did not spend at least 80% of his time working for Defendant. Rather, Defendant merely makes unsupported allegations. Given that Defendant was the employer, this is the type of documentation/evidence (i.e., employment records, time sheets, personnel files etc...) that should be within its custody and control. Defendant, however, has produced no such evidence. Accordingly, the Court finds that Defendant has failed to convince this Court that it has a meritorious defense in this case.[2]

**C.    Defendant's Culpable Conduct**

Defendant's current position was created solely by its own actions. On multiple occasions, and despite repeated requests from Plaintiff, Defendant failed to provide written discovery responses and failed to produce Uwaydah for deposition. Additionally, Defendant blatantly disobeyed a Court Order compelling Defendant to produce the discovery. Furthermore,

---

2. Defendant also asserts that it made "substantial loans" to Plaintiff which were never repaid, and these loans should be offset against the judgment. Again, Defendant does not provide a shred of documentation to support this allegation. Furthermore, even if Defendant has a claim for unpaid loans, this is an issue that Defendant should have raised as a counterclaim - not in a motion for relief from judgment.

after having judgment entered against it, Defendant then waited an entire year to file this motion for relief, only adding to its history of delay.

Defendant argues that its prior counsel is to blame. Specifically, Defendant states that its prior counsel never informed it of the default motion and incorrectly advised that the entire action was stayed as a result of Uwaydah's personal bankruptcy. (Def.'s Br. - no page number given.) Again, Defendant does not offer any evidence other than its own unsupported assertions. Regardless, the Court finds the argument to be disingenuous, as Defendant's prior counsel filed multiple motions to withdraw as counsel, citing Uwaydah's lack of cooperation as one of the reasons.[3] Specifically, prior counsel stated that despite repeated requests, Uwaydah refused to return phone calls, refused to provide contact information, and refused to assist with the discovery process, including not coming to Philadelphia to be deposed. (Pl.'s Br. at Ex. M.) Furthermore, prior counsel stated that it directly contacted Uwaydah regarding the Court's Order compelling discovery, and Uwaydah still would not cooperate with discovery. (Id.) The Court granted prior counsel's motion to withdraw as counsel on June 18, 2003. Again, all of the evidence supplied to the Court - except for Defendant's unsupported assertions - points towards Defendant's own conduct as causing its current situation.

### D. Alternative Sanctions

There were no alternative sanctions that would have been more effective and less drastic. Defendant consistently refused to participate in the discovery process and blatantly disobeyed the Court's Order directing it to participate in discovery. After several months of

---

3. Prior counsel represented both Uwaydah and Defendant in this action. As stated above, Uwaydah was the founder and an officer of Defendant, and based on prior counsel's motion to withdraw as counsel, Uwaydah was the contact person for this litigation for both himself and Defendant.

discovery, repeated requests from Plaintiff and a direct Court Order, Defendant did not respond to a single interrogatory or a single document request and never produced Uwaydah for deposition. These actions were even more egregious in light of Defendant's prior counsel stating that Defendant refused to cooperate and participate. In short, Defendant simply would not litigate this case. Accordingly, the Court finds that there were no alternative sanctions.

**III. CONCLUSION**

For all the foregoing reasons, Defendant's motion for relief from judgment is Denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. ERNEST CAMPONOVO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  02-3661 |
| | : | |
| DR. MUNIR UWAYDAH and | : | |
| PROMETHEUS HEALTH IMAGING, INC. | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 17th day of August, 2004, upon consideration of Defendant Prometheus Health Imaging, Inc.'s Motion for Relief from Judgment (Docket No. 21) and Plaintiff's response thereto (Docket No. 23), it is hereby **ORDERED** that Defendant's motion is **DENIED.**

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.